UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. BRINK, et al., | No. 2:17-cv-0301 KJM CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BANK OF NEW YORK MELLON, et al., | |
| Defendants. | |

      This matter has been referred to the undersigned pursuant to Local Rule 302(c).  Upon review of the docket, THE COURT FINDS AS FOLLOWS:

      In this action, plaintiffs allege claims arising out of an assignment of a deed of trust in October 2011 for a residential property located at 4816 Quonset Drive in Sacramento, California.  This action was commenced on February 13, 2017.  Prior to filing the instant action, plaintiff David L. Brink filed two bankruptcy actions.[1]  At no time during the pendency of the bankruptcy proceedings did plaintiff David Brink, who was represented by counsel in the bankruptcy proceedings, list on any schedule the claims raised in the instant action.  In re:  Brink, case no. 12-29938, ECF No. 10 (Schedule B, filed June 6, 2012, item 21 requiring debtor to list "all

---

[1] The court takes judicial notice of the proceedings in in re:  David Lidell Brink, Debtor, case no. 12-29938, United States Bankruptcy Court (E.D. Cal.) and in re:  David Brink, Debtor, case no. 12-40597 United States Bankruptcy Court (E.D. Cal.).

1

contingent or unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" indicated "none"); In re: Brink, case no. 12-40597, ECF No. 1 (Schedule B, filed November 28, 2012 again omitted any claims under item 21). The debtor was dismissed in the first bankruptcy case and the action was terminated on November 6, 2012. In the second bankruptcy case, closed on March 1, 2013, the debtor was discharged with a discharge of debts in the amount of $437,887.00, including the amount of the mortgage underlying the claims in the instant action. In re Brink, 12-40597, ECF No. 12 (Chapter 7 Trustee's Report of No Distribution); ECF No. 18 (Final Decree).

     The filing of a bankruptcy petition creates an estate, which includes "'all legal and equitable interests of the debtor in property at the commencement of the case,'" including any causes of action. Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C. § 541(a)). The estate includes any causes of action that arise in the period between the filing of the petition and the final discharge. See In re Kottmeier, 240 B.R. 440, 442 (M.D. Fla. 1999); see also Vertkin v. Wells Fargo Home Mortgage, 2010 WL 3619798 at *2 (N.D. Cal. 2010) (if asset comes into being after petition filed, effect of failure to file amended schedule listing asset precludes debtor from later claiming it has been abandoned by trustee in favor of debtor). Because the bankruptcy trustee has the exclusive right to sue on behalf of the estate, the debtor loses the capacity to sue in his own name unless the trustee abandons the claim. See Estate of Spirtos v. One San Bernardino County Superior Court Case, 443 F.3d 1172, 1175 (9th Cir. 2006). Although a trustee may abandon "worthless or low-value assets, including legal claims," there is no abandonment without an affirmative act. See Biesek v. Soo Line Railroad Company, 440 F.3d 410, 413 (7th Cir. 2006). Assets that are neither abandoned nor administered remain the property of the estate even after the case is closed. See In re Lopez, 283 B.R. 22, 28 (9th Cir. BAP 2002); see also In re Pace, 146 B.R. 562, 564–66 (9th Cir. BAP 1992), (unscheduled property remains in estate after case is closed).

     In this case, plaintiff David Brink never scheduled the claims raised in the instant action in his bankruptcy proceedings. As such, the claims remain the property of the estate unless

/////

1 abandoned by the trustee.  Because there has been no affirmative abandonment, plaintiff David
2 Brink lacks standing to proceed in this action.[2]

3       Accordingly, IT IS HEREBY RECOMMENDED that this action as to plaintiff David L.
4 Brink be dismissed without prejudice.

5       These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
11 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 Dated:  February 17, 2017

13       _____
      CAROLYN K. DELANEY
14       UNITED STATES MAGISTRATE JUDGE

15 4 brink301.bk

---

[2] Moreover, even if the claims raised herein are abandoned, it appears plaintiff David Brink may be judicially estopped from bringing this action.  <u>See generally</u> <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 782-85 (9th Cir. 2001); <u>Gonzalez v. County of Yolo</u>, 2014 WL 5115059 (E.D. Cal. 2014).